UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CALVIN ROBINSON,

Petitioner,

v.

FCI McKEAN, PA,
FMC ROCHESTER, MN, and
CONSTANCE REESE, Warden

Respondent.

Civil No. 00-2052 (MJD/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a federal prisoner who is currently confined at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). He is serving a 236-month

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED SEP 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

prison sentence that was imposed by the U.S. District Court for the Eastern District of Michigan, following his conviction for federal drug law violations. (Petition, [Docket No. 1], p. 2.)

Petitioner's present application for habeas corpus relief lists three claims for relief, which, restated in their entirety, are as follows:

(1) "I was kicked by Correctional Officer Paul Canon for not getting off a truck. Then I was placed in Solitary Confinement."

(2) "I was given a chicken sandwich that was poisoned By a Correctional Officer."

(3) "The poisoning still continued after I was transferred to FMC, Rochester, MN. It continues here at this Medical Center. They have placed poison in my food, and on the window in the door to my room." (Petition, pp. 3-4, ¶ 9.)

Petitioner has not provided any further facts in support of his request for habeas corpus relief; he has not clearly indicated the specific relief he is seeking in this action; and he has not signed his petition. In addition, Petitioner has not paid the $5.00 filing fee for a habeas corpus action, (as prescribed by 28 U.S.C. § 1914(a)), although he has filed an application seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a).

**II. DISCUSSION**

Petitioner has not stated a viable claim for habeas corpus relief, because he is not challenging the validity of his conviction or the length of his sentence. Habeas corpus is a remedy that is available when a prisoner is directly challenging the fact or

duration of his confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). In this case, Petitioner is not complaining about the fact or duration of his confinement; instead, it clearly appears that he is complaining about the conditions of his confinement. Therefore, habeas corpus is not a proper or available remedy for his present claims. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (when a prisoner "seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his... custody, the district court lacks the power or subject matter jurisdiction to issue a writ"). Because habeas corpus is not an available remedy for Petitioner's present claims for relief, his current petition cannot be entertained by this Court.

This does not necessarily mean, however, that there are no legal remedies of any kind for whatever claims Petitioner may be attempting to assert. If he believes that someone employed by the federal Bureau of Prisons ("BOP") has violated his rights under federal law or the Constitution, he may be able to seek relief under the Federal Tort Claims Act or under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Any such claims, however, would have to be raised in a traditional civil action -- i.e., a non-habeas action.

Although it is sometimes possible to construe a habeas corpus petition as a civil complaint seeking some other (non-habeas) form of relief, it would not be appropriate to attempt to do that here. The petition in this case cannot be construed as a complaint for at least two reasons.

First, it appears that the parties named as "respondents" in the petition – i.e., "FCI McKean, PA, FMC Rochester, MN, [and] Constance Reese, Warden" -- would not be the proper "defendants" in any non-habeas civil action that Petitioner might attempt to pursue. "FCI-McKean, PA, and FMC-Rochester, MN," do not appear be suable entities, but merely the names of two prison facilities operated by the BOP. The third named respondent, Warden Constance Reese, would be the proper respondent if this were a true habeas corpus action, because it appears that Reese is Petitioner's present custodian. However, there are no factual allegations in the petition suggesting that Warden Reese has done anything, (or failed to do anything), that could cause her to be liable to Petitioner in a civil lawsuit. Therefore, Reese would not be a proper defendant in a non-habeas civil lawsuit.

In addition, the current petition does not include sufficient factual allegations to support any civil cause of action against anyone. To state an actionable civil claim, a claimant must allege specific facts, which if proven true, would demonstrate that he is entitled to relief from the named defendants. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (while federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). The sketchy and conclusory "grounds for relief" stated in the current petition do not provide sufficient factual allegations to state a legally cognizable civil cause of action.

Thus, the Court concludes that it would not be appropriate to attempt to "convert" the present habeas corpus petition into a civil complaint. Instead, it will be

recommended that the action simply be dismissed. It will be further recommended, however, that the action be dismissed without prejudice, so that Petitioner can bring a new, non-habeas, civil lawsuit, if (a) he believes that his rights under federal law and/or the Constitution have been violated, and (b) he can identify the specific defendant(s) he believes should be held liable for such violations.[2]

Finally, it is recommended that Petitioner's IFP application be denied, because he has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger, 77 F.3d at 1074, n. 3 (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

(2) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

---

[2] If Petitioner does attempt to file a new civil action, he should be mindful of the following: (1) he must use the civil rights complaint form prescribed by Local Rule 9.3; (2) he must clearly identify each party that he is attempting to sue, and he must include specific factual allegations describing the allegedly wrongful act(s) or omission(s) of each such defendant; (3) he must allege facts demonstrating that this Court can properly exercise personal jurisdiction over each named defendant; (4) he follow the general pleading requirements prescribed by Fed. R. Civ. P. 8-11; and (5) he must personally sign his complaint.

(3) This action be DISMISSED WITHOUT PREJUDICE.

Dated: September 6, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before September 21, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.